# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-02-177-D |
| ) | |
| THINH QUOC KIEU, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's motion [Doc. No. 53] asking the Court to terminate his supervised release term. The government has filed a response objecting to the motion. The Court has also received a response from the United States Probation Office, and it also objects to the early termination of supervised release.

Background:

Defendant entered a plea of guilty to charges of possession with intent to distribute methamphetamine, a violation of 21 U. S. C. § 841(a)(1), and selling counterfeit tax stamps, a violation of 18 U. S. C. § 2315. On October 10, 2003, he was sentenced to 108 months imprisonment, to be followed by a five-year term of supervised release. All standard conditions of supervision were imposed, and the special conditions included substance abuse aftercare, and standard financial conditions. Defendant was also fined $15,000.00, and a special assessment of $200.00 was imposed. The crimes to which he pled guilty involved a total of 91,468 pseudoephedrine pills, 874.42 grams of methamphetamine, and 128,997 tax stamps valued at $56,758.68.

On December 31, 2009, Defendant began serving his term of supervised release. According

to the probation officer, he has complied with the conditions of supervised release with the exception of a late monthly report in June 2009. Defendant has satisfied his monetary penalties.

Defendant asks the Court to terminate his supervised release now, more than two years prior to its scheduled December 30, 2014 completion. In support of his request, he states only that he has been compliant in all required areas of his supervision.

Analysis:

Pursuant to 18 U. S. C. § 3583(e)(2), the Court may modify the terms of a supervised release order. The statute provides in pertinent part:

> The court may...modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure[1] relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

According to Fed. R. Crim. P. 32.1(c)(2)(B), a hearing is generally required where modification is requested. A hearing is not necessary if the Defendant requests a favorable modification and the attorney for the government does not oppose the requested relief. Fed. R. Crim. P. 32.1(c)(2)(C). In this case, the government opposes the Defendant's requested modification. However, Defendant does not request a hearing on the Motion. Furthermore, the Court need not conduct a hearing if, upon consideration of the record, the Court determines that a requested modification will not be approved. *United States v. Insaulgarat*, 280 F. App'x 367, 368 (5th Cir. 2008) (unpublished opinion) (citing *United States v. Nonahal*, 338 F. 3d 668, 671 (7th Cir. 2003)); *see also United States v . Yung*, 1998 WL 422795 n. 1 (D. Kan. June 12, 1998) (unpublished opinion).

The government and the Probation Office oppose Defendant's request. As the government

---

[1]Fed.R.Crim. P. 32.1 deals with revocation or modification of probation or supervised release.

correctly argues, supervised release is part of the penalty for Defendant's offense. *United States v. Cordova,* 461 F.3d 1184, 1186 (10th Cir. 2006). One of its purposes is to "provide rehabilitation and oversight of the offender to deter their return to crime." *Folks v. United States,* 733 F.Supp. 2d 649, 652 (M.D. N.C. 2010). That Defendant has complied with the terms of his supervised release to date does not, without more, warrant early termination because compliance with the terms is "what is expected." *Id.* (citing *United States v. McKay,* 352 F.Supp. 2d 359, 361 ( E.D.N.Y. 2005). A defendant's post-incarceration compliant conduct "cannot alone be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." *United States v. Medina*, 17 F.Supp. 2d 245, 247 (S.D.N.Y. 1998).

The Court concludes that, under the circumstances, Defendant has not shown any exceptional circumstance that would warrant terminating his supervised release at this time. Accordingly, his request [Doc. No. 53] is DENIED. In the event that Defendant's circumstances change, a renewed request may be presented.

IT IS SO ORDERED this 8th day of June, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE